IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WHISTLE STOP FARMS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02934 |
| ) | |
| THE TOWN OF THOMPSON'S ) | Judge Crenshaw |
| STATION, TENNESSEE, ) | Magistrate Judge Brown |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE SCOPE OF DEFENDANT'S PRIVILEGE WAIVER AND TO COMPEL PRODUCTION**

Plaintiff's motion to determine the scope of the Defendant's, Town of Thompson's Station, Tennessee (the "Town"), privilege waiver and to compel production (Doc. No. 67) should be denied. As a preliminary matter, Plaintiff's motion asserts that the Town has waived privilege as to the entire subject matter of all documents disclosed in the Town's public records response. But Plaintiff's motion improperly conflates two different disclosures—one that was voluntary and one that was not. And the *voluntary* disclosure is simply not at issue here and has no bearing on whether an *involuntary* disclosure effects a subject-matter waiver. Furthermore, any issues concerning the voluntarily-disclosed emails and the scope of any waiver relating thereo are not properly before the Court and should not be decided in the abstract.

Turning to the disclosure at issue here, the overwhelming weight of authority weighs against a subject-matter waiver where information is inadvertently disclosed—that is, where the waiver is not intentional. This conclusion is consistent with Federal Rule of Evidence 502 and the general principles on which the subject-matter waiver rule is based. Because the

documents at issue were disclosed by mistake, that disclosure did not effect a subject-matter waiver. Thus, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

On June 7, 2018, the Court granted Plaintiff's motion to amend the complaint. (Order Granting Pl.'s Mot. Amend, Doc. No. 51.) That ruling also included a determination that the Town had waived privilege through its disclosure of otherwise privileged communications in response to a public records request that Plaintiff submitted to the Town before this lawsuit commenced. (*Id.* at 1, 10-11.) After the Court's ruling, counsel for the parties participated in a conference call with the presiding Magistrate Judge in which the Town's counsel identified a dispute between the Town and Whistle Stop's positions on whether that privilege waiver—that is, the inadvertent disclosure of an electronic file titled "Joe's_Emails_jcosentini@thompsons-station.com_0.mbox"—constituted a "subject-matter waiver," as that term is defined in applicable law.[1] The Magistrate Judge ordered the parties to confer about the matter and attempt to reach agreement. He also gave either party permission to file a motion on the issue without scheduling an additional conference call with the Court if those good-faith efforts to resolve the dispute were unsuccessful.

Counsel for the parties thereafter conferred, more specifically, on the issue of whether the Town's disclosure of the larger, unredacted file from Mr. Cosentini constituted a subject-matter waiver. Unable to reach agreement on that issue, Plaintiff filed this motion.

---

[1] The larger, unredacted file that was inadvertently disclosed to the third-party vendor for copying was the subject of the Town's opposition to Plaintiff's motion to amend. In its response, the Town argued: "Some of the emails were inadvertently overlooked by Mr. Cosentini when he was redacting privileged information—and then saved as part of a file intended for production. The *other emails* are more significant and *necessitate the relief that the Town seeks here*: they were the *full set of Mr. Cosentini's un-redacted emails* and were part of a file that the Town never intended on producing." (Town's Resp. to Pl.'s Mot. Amend at 7, Doc. No. 24 (emphasis added).) That file was also the exclusive subject of the Court's ruling. *See generally* Order on Pl.'s Mot. to Amend, Doc. No.

2

## LEGAL ARGUMENT

### I. The January 28th Privilege Log Is a Red Herring.

Plaintiff's motion asserts that the Town has waived privilege as to the entire subject matter of all documents disclosed in the Town's public records response. But Plaintiff's discussion of the emails identified on the "January 28th Privilege Log" is a red herring and misunderstands the Town's position on subject-matter waiver.

More specifically, Plaintiff argues in its motion that the Town waived privilege as to the entire subject matter of all emails—*both* the ones produced in the larger, unredacted Joe Cosentini file *and* those identified on the January 28th privilege log. But the emails identified on the January 28th privilege log were ***voluntarily*** produced by Mr. Cosentini and were neither the subject of the Town's response in opposition to the Plaintiff's motion to amend nor the Court's ruling on that motion. Put another way, the Town has not taken a position one way or the other on the emails identified in the January 28th privilege log, and the parties certainly have not met and conferred about those emails.

There are important, practical implications that flow from Plaintiff's improper conflation of these issues. First, any issue relating to the January 28th privilege log is not properly before the Court—such issues were not the subject of the motion to amend, the response to the motion to amend, the Court's ruling, the parties' conference call with the Court that raised the subject-matter waiver issue, or the parties' subsequent meet-and-confer call. Indeed, Whistle Stop has never inquired about the Town's position on whether the privilege was waived as to the emails identified on the January 28th privilege log when Mr. Cosentini voluntarily disclosed them.

Second, and even more importantly, the emails on the January 28th privilege log have no bearing on the issue properly before the Court—namely, whether the emails that were ***unintentionally*** disclosed in Mr. Cosentini's file effected a subject-matter waiver.

3

Importantly, the two disclosures were completely different, and the law on subject-matter waiver differs depending on whether documents were purposefully or inadvertently disclosed. Plaintiff argues subject-matter waiver only in the context of Mr. Cosentini's ***purposeful*** disclosure of emails that were later identified on the January 28th privilege log, which permits Plaintiff's reliance on a more favorable, yet inapposite body of law. But Plaintiff's motion ignores the ***unintentional*** disclosure of Mr. Cosentini's unredacted file, which is subject to a very different set of rules. To be clear, the Town's position is and always has been that the ***unintentional*** disclosure does not effect a subject-matter waiver (as described in more detail in Section II to follow), and the January 28th privilege log has no bearing on that legal question.

Setting aside Plaintiff's failure to address the emails identified on the January 28th privilege log in accordance with the Local Rules in advance of filing a motion, the Town does not contest whether the emails identified on the January 28th privilege log were voluntarily-disclosed. And even if that voluntary disclosure constitutes a subject-matter waiver, which has never been properly addressed before this motion was filed, what that "subject matter" would theoretically include requires a case-by-case analysis that is also not currently before the Court. *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 256 (6th Cir. 1996) (holding that attorney could not ask unlimited questions about her advice, remanding scope of waiver issue to the District Court for specific review, and noting that "the District Court may have to determine the scope of waiver on a question-by-question basis").

The Town is happy to meet and confer in advance of any discovery production or request concerning the precise scope of any purported waiver resulting from Ms. Cosentini's ***intentional*** disclosure of emails later identified on the January 28th privilege log—namely, what a "subject-matter waiver" would entail. But that "case-by-case" issue has not been raised properly and cannot be determined in the abstract. *See, e.g.*, *Mergentime Corp. v.*

4

*Washington Metro. Area Transp. Auth.*, 761 F. Supp. 1, 2-3 (D.D.C. 1991) ("The Court finds that the waiver resulting from these notes does not entitle the plaintiffs to the other privileged documents sought. Instead, the Court holds that the waiver only opens the door for the plaintiffs to discover from Mr. Polk whether, in fact, he made the statements reflected in the notes and to discover whether the statements were considered and relied upon by WMATA's contracting officer in deciding to terminate the Shaw and U Street Station contracts.").

## II. Disclosure of Mr. Cosentini's Unredacted File Was Involuntary and Did Not Effect a Subject-Matter Privilege Waiver.

Plaintiff's motion fails to support a finding that the disclosure of the unredacted Cosentini file effected a subject-matter waiver. First, the file was unquestionably produced by mistake. Moreover, the persuasive weight of authority on the issue supports the conclusion that an inadvertent waiver of privilege, as here, does not constitute a subject-matter waiver.

### A. The Disclosure At Issue Was Inadvertent.

Conspicuously absent from Plaintiff's motion is any argument that the Town's inclusion of the unredacted file in information provided to the third-party vendor constituted a voluntary disclosure. Rather, the disclosure was indisputably inadvertent, as there is no evidence to support a finding that Mr. Cosentini or Mr. Rainey (the Town's IT employee) intended to provide the larger, unredacted file to the third-party vendor who would later provide the file to Plaintiff's counsel.

Against that backdrop, at least one court has determined that information that was produced by "mistake" establishes an inadvertent disclosure. *Kmart Corp. v. Footstar, Inc.*, No. 09 C 3607, 2010 WL 4512337, at *3 (N.D. Ill. Nov. 2, 2010)). In examining whether a disclosure was "inadvertent" to determine the effect of Federal Rule of Evidence 502(b) on the disclosure, the court stated as follows:

5

>Next, we must decide whether the disclosure of these documents was inadvertent. However, inadvertent is not defined by Rule 502(b), and courts in our district have different views on how to decide whether the disclosure was inadvertent. One view is to apply relevant factors, such as the number of documents involved, the procedures used to review the documents before they were produced, the actions taken to rectify the error, and the extent of disclosure balanced against the scope of discovery. *The alternative view is that Rule 502(b) invites a 'much simpler' analysis. '[E]ssentially asking whether the party intended a privileged or work-product protected document to be produced or whether the production was a mistake.'* We find the simpler analysis more compelling because it would seem repetitive to apply factors from the balancing approach when Rule 502(b) explicitly requires examination of some of those same factors later in the analysis. *Here, we do not think that there is any real dispute that Liberty Mutual mistakenly produced the documents. Therefore, we find the disclosure inadvertent.*

*Kmart Corp. v. Footstar, Inc.*, No. 09 C 3607, 2010 WL 4512337, at *3 (N.D. Ill. Nov. 2, 2010) (emphasis added). This pragmatic approach should apply equally here, particularly where Plaintiff makes no effort to argue otherwise. The file was unquestionably produced by mistake; thus, any resulting waiver of privilege was "inadvertent."

### B. Inadvertent Disclosures, As Here, Do Not Constitute Subject-Matter Waivers.

Plaintiff cites no authority to establish that an involuntary disclosure effects a subject-matter waiver, and the persuasive weight of authority concludes otherwise. Whether disclosure is examined under Rule 502 (which applies to waivers occurring in litigation) or federal common law, the result is the same. Only a voluntary disclosure constitutes a subject-matter waiver.

The concept of subject-matter waiver derives from fairness concerns: "'This [subject-matter waiver] rule seeks to avoid the unfairness that might result from **selective disclosure** while, at the same time, upholding the privilege and preserving the interests it protects from excessive exposure.'" *U.S. v. Skeddle*, 989 F. Supp. 917, 919 (N.D. Ohio 1997) (quoting previous order entered in the case) (emphasis added); *see also Oasis Int'l Waters, Inc. v. U.S.*, 110 Fed. Cl. 87, 109 (2013) ("The rule is designed to prevent the 'selective waiver

6

of the privilege,' which 'may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice,' thereby using the privilege 'as both a sword and a shield.'"). "Selective disclosure" or "selective waiver" however, is not at issue with a mistaken production.

As a result, many courts, even in the common law context, refuse to find a subject-matter waiver where the disclosure was inadvertent. *See, e.g.*, *In re Recombinant DNA Tech. Patent & Contract Litig.*, No. MDL DOCKET 912, 1994 WL 270712, at *41 (S.D. Ind. Dec. 22, 1993) (holding that the inadvertent privilege waiver encompassed only documents already produced) (citing *Prudential Ins. Co. v. Turner & Newall, PLC*, 137 F.R.D. 178 (D. Mass. 1991); *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 116 F.R.D. 46 (M.D.N.C. 1987)); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 120 (D.N.J. 2002) (no subject-matter waiver where no indication that disclosing party was seeking to gain an advantage, noting that "[i]n the situation involving an inadvertent disclosure by counsel in discovery, the use to which the disclosing party puts the documents takes on increased importance."); *Sullivan v. Warminster Township*, 274 F.R.D. 147 (E.D. Pa. 2011); *In re Hechinger Inv. Co. of Del.*, 303 B.R. 18 (D. Del. 2033) (holding that subject-matter waiver not appropriate in case of inadvertent disclosure).

The *Oasis International Waters* decision thoroughly analyzes the subject-matter waiver rule and is particularly instructive here. There, the court analyzed the history of the subject-matter waiver rule, noting as follows:

> "The comments to Federal Rule of Evidence 502(a), which limits the scope of subject matter waivers to intentional waivers, clarify that, because Rule 502(a) 'is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner[,] [i]t follows that an inadvertent disclosure of protected information ***can never result in a subject matter waiver***."

7

*Oasis Int'l Waters*, 110 Fed. Cl. at 109 (quoting Fed. R. Evid. 502(a), adv. comm. "explanatory note," rev. 2007) (emphasis added). In fact, Rule 502 was adopted, in part, for the purpose of "resolv[ing] some longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege or as work product—*specifically those disputes involving inadvertent disclosure and subject matter waiver.*" Fed. R. Evid. 502 (adv. comm. "explanatory note," rev. 2007) (emphasis added). And although the question is answered less clearly with respect to waivers occurring outside of litigation, as here, the *Oasis International Waters* decision also emphasizes that any subject matter waiver that could arguably apply in such a scenario would certainly be "unusual." *Id.* (citing *Blue Lake Forest Prods., Inc. v. U.S.*, 75 Fed. Cl. 779, 798 (2007) (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Pa.House Grp., Inc.*, 116 F.R.D. 46, 52 (M.D.N.C.1987); *Yankee Atomic Elec. Co. v. U.S.*, 54 Fed. Cl. 306, 316 (2002)).

Plaintiff fights against application of Rule 502, however, arguing that the disclosure at issue occurred outside litigation. But many courts, applying the same fairness principles that underpin Rule 502, have held that a disclosure *outside litigation* should not effect a subject-matter waiver either. *In re von Bulow*, 828 F.2d 94, 101-02 (2d Cir. 1987) ("Applying the fairness doctrine, we hold therefore that the extrajudicial disclosure of an attorney-client communication—one not subsequently used by the client in a judicial proceeding to his adversary's prejudice—does not waive the privilege as to the undisclosed portions of the communication."); *Evergreen Trading, LLC ex rel. Nussdorf*, 80 Fed. Cl. 122, 129 (2007) ("For one thing, courts have distinguished between situations in which the waiver occurred knowingly and in court, for example, through the invocation of a defense, versus situations in which the waiver arose inadvertently in an extrajudicial setting."), *cited in Oasis Int'l*, 110 Fed. Cl. at 110. Although the Sixth Circuit has not answered the question, its reasoning

8

certainly weighs against a subject-matter waiver here. In *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251 (6th Cir. 1996), the disclosure at issue was unquestionably voluntary. *Id.* at 256. And even then, the court instructed the District Court on remand to "focus[ ] on fairness concerns" and permit questions only concerning the precise subject matter on which the privilege was intentionally waived. *Id.* Notably, the Court also cited *In re Von Bulow*, which as discussed above, specifically refused to find a subject matter waiver in an extra-judicial disclosure setting.[2]

At bottom, whether Rule 502 or federal common law governs the issue is beside the point: the rationale for Rule 502(a) limiting subject-matter waiver to intentional waivers is equally applicable here. An inadvertent waiver simply does not raise any of the fairness concerns at issue with a "shield-and-sword" form of waiver. Thus, the inadvertent disclosure of the unredacted Cosentini file did not effect a subject-matter waiver.

## CONCLUSION

Plaintiff's request for the Court to find a subject-matter waiver for all documents disclosed in the Town's public records response should be denied. Plaintiff's motion improperly conflates two different disclosures—one that was voluntary and one that was not. And the voluntary disclosure is not at issue and has no bearing on whether the inadvertent disclosure of Mr. Cosentini's unredacted email file effected a subject-matter waiver here. Furthermore, any issues concerning the voluntarily disclosed emails and the scope of any

---

[2] Insofar as one could infer from *Edwards v. Whitaker*, 868 F. Supp. 226 (M.D. Tenn. 1994), that an inadvertent disclosure effects a subject-matter waiver in all instances, *Edwards* should not control on that issue for numerous reasons. First, *Edwards* was decided before *In re Grand Jury Proceedings* and conflicts with its holding. In addition, *Edwards* devotes only two sentences to the issue, citing cases that established a subject-matter waiver without analyzing the underlying rationale for the rule and without acknowledging the many cases finding the opposite. *Edwards* was also decided before Rule 502 unequivocally clarified the intent behind the subject-matter waiver rule.

9

waiver relating thereo are not properly before the Court and should not be decided in the abstract.

Second, the persuasive weight of authority weighs against a subject-matter waiver where information is inadvertently disclosed, *i.e.*, where the waiver is not intentional. This conclusion is consistent with Federal Rule of Evidence 502 and the rationale underlying the subject-matter waiver rule. Because the documents at issue were disclosed by mistake, that disclosure did not effect a subject-matter waiver, and Plaintiff's motion should be denied.

Respectfully submitted,

KLEIN BUSSELL, PLLC

/s/ Allison L. Bussell
ALLISON L. BUSSELL (BPR No. 23538)
1224 6th Avenue North
Nashville, Tennessee 37208
(615) 600-4803
allison.bussell@kleinbussell.com

COOL SPRINGS LAW FIRM

J. Todd Moore (BPR No. 15565)
5115 Maryland Way, Suite 100
Brentwood, Tennessee 37027
(615) 290-5355
todd@coolspringslawfirm.com

*Counsel for Defendant Town of Thompson's Station*

## Certificate of Service

I hereby certify that a copy of the foregoing has been forwarded via the CM/ECF electronic filing system on this the <u>25th</u> day of September, 2018 to the following:

| | |
|---|---|
| Joshua R. Denton<br>Tonya J. Austin<br>FROST BROWN TODD LLC<br>150 Third Avenue South, Suite 1900<br>Nashville, TN 37201 | Douglas S. Hale<br>HALE AND HALE, PLC<br>231 Public Square, Suite 312<br>Franklin, TN 37064 |

/s/ Allison L. Bussell<br>
Allison L. Bussell